**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD J. SASSI, II,**

                              **Plaintiff,**
v.                                                      **9:16-CV-1450**

**DUTCHESS COUNTY, and**
**WARREN COUNTY,**

                              **Defendants.**
_____

**Thomas J. McAvoy, S.U.S.D.J.**

## ORDER

On December 6, 2016, Plaintiff filed the instant action alleging violations of his constitutional rights while he was held in the Dutchess County and Warren County Jails. See dkt. # 1. Defendant Warren County answered the Complaint on January 4, 2017. See dkt. # 8. Defendant Dutchess County, after receiving an extension of time to answer the Complaint, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 20, 2017. See dkt. #s 15-16. Plaintiff responded to that motion on February 24, 2017, simultaneously filing his own motion for leave to file an amended complaint. See dkt. # 17.

Federal Rule of Civil Procedure provides that a party may amend a pleading "once as a matter of course" within 21 days of receiving a responsive pleading under Rule 12(b). FED. R. CIV. P. 15(a)(1)(B). If 21 days have passed since the filing of the pleading, a party may amend the pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so

1

requires." Id. A motion to dismiss under Rule 12(b) is not a responsive pleading and a party may amend as of right after a party files such a motion. Barbara v. New York Stock Exch., 99 F.3d 49, 56, (2d Cir. 1996).

Here, Plaintiff is entitled pursuant to Rule 15 to amend his complaint without leave of court with reference to Dutchess County, but must seek leave to file an amended complaint regarding Warren County. Only Dutchess County objects to the proposed Amended Complaint, and the Court is not permitted to consider those objections as Dutchess County has not filed a responsive pleading. Defendant Warren County has not objected to Plaintiff's motion for leave to file an amended complaint.

As a general matter, Courts emphasize "that courts 'should freely give leave [to amend] when justice so requires.'" Kroshnyi v. U.S. Pack Courier Servs., 771 F.3d 93, 109 (2d Cir. 2014) (quoting Fed. R. Civ. P. 15(a)(2)). As such "'[i]n the absence of any apparent or declared reason . . . such as undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party by virtue of the allowance of the amendment . . . the leave sought should, as the rules require, be freely given.'" Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Court will grant the motion for leave to file an amended complaint. Given the early stage at which this litigation rests, the fact that the party with standing to object to an amended filing has not objected, that the Court finds no apparent dilatory motive on the Plaintiff's part, and that no apparent prejudice could come to Warren County from an Amended Pleading that Defendant could now seek to have dismissed, the Court finds that leave to file the Amended Complaint should be granted. As the Plaintiff's Amended Complaint will be accepted for filing, Defendant Dutchess County's motion to dismiss will

2

be denied as moot.

As such, Plaintiff's motion for leave to file an Amended Complaint, dkt. # 17, is hereby GRANTED. The Clerk of Court shall docket Plaintiff's Proposed Amended Complaint, dkt. # 17-2, as a separate docket entry. The Defendants shall answer or otherwise respond to the Amended Complaint within the time required by the Federal Rules. Defendant Dutchess County's motion to dismiss, dkt. # 16, is hereby DENIED as moot.

**IT IS SO ORDERED**.

Thomas J. McAvoy
Senior, U.S. District Judge

Dated: April 17, 2017